**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **STEPHEN CASTLEBERRY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED SHORE FINANCIAL SERVICES,** | § | |
| **LLC D/B/A UNITED WHOLESALE** | § | **Civil Action No. 6:26-cv-00436** |
| **MORTGAGE; VETERANS UNITED** | § | |
| **HOME LOANS; NEWREZ LLC D/B/A** | § | |
| **SHELLPOINT MORTGAGE SERVICING;** | § | |
| **GOVERNMENT NATIONAL** | § | |
| **MORTGAGE ASSOCIATION A/K/A** | § | |
| **GINNIE MAE; CODILIS &** | § | |
| **STAWIARSKI, P.C.; UNKNOWN** | § | **REMOVED FROM THE 20TH** |
| **SUBSTITUTE TRUSTEES UNDER THE** | § | **JUDICIAL DISTRICT COURT,** |
| **DEED OF TRUST; and DOES 1** | | **MILAM COUNTY, TEXAS** |
| **THROUGH 20,** | | |
| | | |
| **Defendants.** | | |

**DEFENDANTS NEWREZ LLC D/B/A SHELLPOINT MORTGAGE**
**SERVICING AND GOVERNMENT NATIONAL MORTGAGE**
<u>**ASSOCIATION A/K/A GINNIE MAE'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants NewRez LLC D/B/A Shellpoint Mortgage Servicing ("**Shellpoint**") and

Government National Mortgage Association ("**Ginnie Mae**") (together, the "**Defendants**") file

this Notice of Removal ("**Notice**") pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1442, and 1446,

and hereby remove this action from the 20th Judicial District Court of Milam County, Texas to the

United States District Court for the Western District of Texas, Waco Division. The grounds for

this Notice of Removal are as follows:

1

## I.     <u>INTRODUCTION</u>

1.      Plaintiff Stephen Castleberry ("**Plaintiff**") is, according to his Complaint, an individual Texas homeowner who resides at and occupies the property located at 1189 Ben Milam Rd., Cameron, Texas 76520. *See* Pl.'s Compl. ¶¶ 1, 11.

2.      Plaintiff initiated this suit on June 2, 2026, in the 20th Judicial District Court of Milam County, Texas, in the case styled *Stephen Castleberry v. United Shore Financial Services, LLC d/b/a United Wholesale Mortgage*, *et al.*, Cause No. CV43350 ("**State Court Action**"). The court is located at the Milam County Courthouse, 102 S. Fannin, Cameron, Texas 76520.

3.      Plaintiff's Verified Complaint for Emergency Injunctive and Declaratory Relief to Prevent Foreclosure, Accounting, Servicing, and Loss-Mitigation Relief, and Permanent Affordable Loan Restructuring with Reduced Interest Rate and No Further Review of Trial Period ("**Complaint**") was served on Shellpoint, through its registered agent CSC, on June 9, 2026.

4.      In the State Court Action, Plaintiff seeks a temporary restraining order and temporary, preliminary, and permanent injunctive relief to prevent the foreclosure of the Property, and asserts numerous claims—including for declaratory relief, violations of the federal Real Estate Settlement Procedures Act, failure to comply with Texas nonjudicial foreclosure requirements, violations of the Texas Debt Collection Act, breach of contract, equitable accounting, quiet title, equitable relief and specific performance, and negligence—all arising from a VA mortgage loan secured by the property located at 1189 Ben Milam Rd., Cameron, Texas 76520 ("**Property**"). *See* Pl.'s Compl. ¶¶ 161-344.

5.      Defendants remove the State Court Action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and the presence of a federal agency, Ginnie Mae, as a defendant under 28 U.S.C. § 1442.

6. In removing this action, the Removing Defendants do not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

## II.    PROCEDURAL REQUIREMENTS

7. Shellpoint was served on June 9, 2026. This Notice of Removal is filed within 30 days after receipt of Plaintiff's Complaint and within one year of commencement of the suit, in accordance with 28 U.S.C. § 1446(b) and (c)(1).

8. This action is properly removed to this Court because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(1).

9. Venue is proper in the Waco Division of the Western District of Texas because the State Court Action was pending in the 20th Judicial District Court of Milam County, Texas, which lies within this district and division, at the time of removal. 28 U.S.C. §§ 1441(a), 124(d)(1).

10. Pursuant to 28 U.S.C. § 1442, the consent of the other Defendants is not required for this removal. To the extent consent is otherwise required under 28 U.S.C. § 1446(b)(2)(A), the Removing Defendants are informed and believe that no other defendant had been properly joined and served at the time of removal, and the Removing Defendants reserve the right to supplement this Notice with the consent of any such Defendant.

11. In accordance with 28 U.S.C. § 1446(a), attached to this Notice of Removal are the following:

**Exhibit 1**:    State Court Action Docket Sheet;

**Exhibit 2**:    Plaintiff's Complaint;

**Exhibit 3**:    Citation Request Form; and

**Exhibit 4:**    Citations by Certified Mail.

3

12. A copy of this Notice will be promptly served on Plaintiff and filed with the 20th Judicial District Court of Milam County, Texas in accordance with 28 U.S.C. § 1446(d).

### III. BASIS FOR REMOVAL

#### A. The Court Has Federal Question Jurisdiction under 28 U.S.C. § 1331.

13. This Court has original jurisdiction under Section 1331 because Plaintiff's action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(a).

14. Specifically, Plaintiff's Complaint asserts claims arising under federal law. Plaintiff's Third Cause of Action alleges that Defendants violated the Real Estate Settlement Procedures Act ("**RESPA**"), 12 U.S.C. § 2605, and Regulation X, 12 C.F.R. § 1024.41, and Plaintiff expressly invokes those federal statutes and regulations as bases for relief. *See* Pl.'s Compl. ¶¶ 43, 202-222.

15. Because a federal question is evident from the face of Plaintiff's Complaint, this Court has original federal question jurisdiction under 28 U.S.C. § 1331, and the action is removable under 28 U.S.C. § 1441(a).

#### B. Removal Is Also Proper Because a Federal Agency, Ginnie Mae, Is a Defendant.

16. Ginnie Mae is a wholly owned corporate instrumentality of the United States within the United States Department of Housing and Urban Development. *See* 12 U.S.C. § 1717(a)(2)(A). Plaintiff names Ginnie Mae as a defendant and alleges that it is the owner, assignee, or investor of the subject VA mortgage loan. *See* Pl.'s Compl. ¶¶ 20, 74, 100.

17. Removal is independently proper under 28 U.S.C. § 1442(a)(1), which authorizes removal of a civil action that is commenced against the United States or any agency thereof. Because Plaintiff has sued Ginnie Mae, a federal agency, this action may be removed under § 1442, and the consent of the other defendants is not required for such removal. *See Thomas v. DHI*

*Home Mortgage Co.*, No. 3:22-CV-1236-B-BK, 2023 WL 2355913, at \*2 (N.D. Tex. Feb. 8, 2023), report and recommendation adopted, No. 3:22-CV-1236-B-BK, 2023 WL 2355932 (N.D. Tex. Mar. 3, 2023) (holding that removal was proper based on Ginnie Mae's role as a federal agency).

### C. The Court Has Supplemental Jurisdiction over Plaintiff's Remaining Claims

18.     Plaintiff also asserts state-law claims, including a claim for declaratory relief, a claim for failure to comply with Texas nonjudicial foreclosure requirements and wrongful or premature foreclosure activity, violations of the Texas Debt Collection Act, breach of contract and breach of deed-of-trust obligations, equitable accounting, quiet title, equitable relief and specific performance, and negligence. These claims arise from the same case or controversy as the federal claims because they share a common nucleus of operative fact concerning the same VA mortgage loan, its servicing, and the threatened foreclosure of the Property. This Court therefore has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a).

19.     Because this Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, because a federal agency is named as a defendant under 28 U.S.C. § 1442, and because the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining claims, this action is properly removed pursuant to 28 U.S.C. §§ 1441, 1442, and 1446.

20.     Therefore, removal is proper.

### CONCLUSION

WHEREFORE, Defendants remove this action from the 20th Judicial District Court of Milam County, Texas to the United States District Court for the Western District of Texas, Waco Division, so that this Court may assume jurisdiction over the cause as provided by law.

Dated: July 6, 2026

Respectfully submitted,

/s/ *James V. Earl*
James V. Earl
State Bar No. 24099133
JVEarl@duanemorris.com

**DUANE MORRIS LLP**
Terrace 7
2801 Via Fortuna, Suite 200
Austin, TX 78746-7567
Telephone: 512-277-2260
Facsimile: 512-233-1012

**ATTORNEY FOR NEWREZ LLC D/B/A
SHELLPOINT MORTGAGE SERVICING
AND GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the foregoing document was served on all counsel of record via e-mail on this 6th day of July, 2026.

*/s/James V. Earl*
James V. Earl